UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID TOUCHTON and DEBRA
TOUCHTON,

             Plaintiffs,                     Case No: 10-12965

v

                                         Hon. Mark A. Randon

FIDELITY NATIONAL PROPERTY AND
CASUALTY INSURANCE COMPANY,

            Defendant.
_____/

### ORDER PERMITTING SUPPLEMENTAL BRIEFING FROM PLAINTIFF AND CONVERTING FIDELITY'S MOTION *IN LIMINE* (DKT. 41) INTO A MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Fidelity National Property and Insurance Company's ("Fidelity") motion *in limine* (Dkt. 41). By way of procedural background, Fidelity first raised the legal arguments presented in its motion *in limine* in a motion for summary judgment (Dkt. 29). The Court, however, struck Fidelity's motion from the docket since it was filed past the dispositive motion cut-off. The Court's order (Dkt. 36) striking Fidelity's motion for summary judgment and denying Fidelity's motion for leave to file a tardy dispositive motion (Dkt. 30) is hereby **VACATED**, and Fidelity's motion for leave to file a dispositive motion is instead **GRANTED**.[1]

More particularly, the Court is putting Plaintiffs on notice that it intends to treat Fidelity's motion *in limine* (Dkt. 41) as a motion for summary judgment under Fed. R. Civ. P. 56. If

---

[1] Rule 56(b) states that "[u]nless a different time is set by local rule *or the court orders otherwise*, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery" (emphasis added). Through this order, the Court is ordering "otherwise," and construing Fidelity's motion *in limine* as a motion for summary judgment.

Plaintiffs wish to file any additional briefing with the Court, or present the Court with any additional exhibits, Plaintiffs must do so **WITHIN TWENTY ONE (21) DAYS** of the date of this order.  If Plaintiffs do not intend to file any additional briefing or exhibits in response to Fidelity's motion *in limine* (which, again, is now a motion for summary judgment), Plaintiffs should inform the Court of their decision to stand on their existing response (Dkt. 42) as soon as that decision is made.

    **SO ORDERED.**

                                              s/Mark A. Randon
                                              MARK A. RANDON
                                              UNITED STATES MAGISTRATE JUDGE

Dated:  October 26, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 26, 2012, by electronic and/or ordinary mail.*

                                              *s/Melody Miles*
                                              *Case Manager Magistrate Judge Mark A. Randon*
                                              *(313) 234-5542*